SULLIVAN, Justice,
concurring in result.
I agree with the Court that Shotts's arrest was valid both as a matter of federal and state constitutional law irrespective of whether the Alabama warrant was valid. This is because the Indiana authorities behaved reasonably and responsibly upon receiving the call from police in Alabama reporting an arrest warrant-three different Indiana police officers each checked the NCIC to verify the existence of a warrant and there is no evidence that the Indiana officers acted improperly in any way. The reasonableness of their conduct was sufficient to meet the constitutional requirements for a valid arrest.
I vote to affirm Shotts's conviction without resorting to the recent United States Supreme Court exclusionary rule decision, Herring v. United States, _ U.S. _, 129 S.Ct. 695, 172 L.Ed.2d 496 (2009). In my view, the Court's lengthy discussion of Herring is unnecessary. Herring assumed that the defendant had been the victim of an unconstitutional arrest. Id. at 699. The question in Herring was whether the evidence seized during an unconstitutional arrest needed to be suppressed. Id. In contrast, the question here is whether Shotts's arrest was constitutional,. Be *728 cause the Court concludes that the arrest was valid, the handgun was validly seized without implicating the exclusionary rule.